Howelií, J.
This case seems to be before us on the motion to dismiss, as to which a rehearing was granted, and on the merits.
An examination of the record satisfies us that the grounds of the motion are not sufficient to dismiss the appeal. It appears that, after objection was made to the first bond, the appellant was permitted to file a second, to which no objection was made, and it being for the amount, as the appellee says, fixed by the Judge, will maintain at least a devolutive appeal. The judgment of dismissal is, therefore, set aside.
On the merits, we can discover no legal grounds for disturbing the judgment of the lower court. '
Plaintiff having obtained a judgment, recognizing his mortgage, in a' proceeding by attachment, against the defendant as, a non-resident, and issued execution thereon, the appellant, as curatrix of the estate of her absent husband, sued to enjoin the execution and annul the judgment, for certain irregularities set forth in her petition. The plaintiff moved to dissolve the injunction, on the grounds of the insufficiency of the allegations and of the surety on the bond, and the untruthfulness of the affidavit.
*574 The record of the attachment suit and the testimony, introduced on the trial of the rule, show the proceedings to be regular.
The property was seized under the writ of attachment in the mode •required' by the act of 18">7, (p. 185,) and its occupancy, at the time, by the military forces, did not interfere with such seizure. Actual possession by the sheriff is unnecessary in such a case.
The allegations of the appellant and her appointment as curatrix, after plaintiff’s judgment was rendered, show that the defendant was an ■absentee, and consequently, he had no residence, in this State; and it is not shown tliat there was any one in the State legally authorized to represent him.
It is therefore ordered that the judgment appealed from be affirmed, with costs.